| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE CARROLL CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF CARROLL | ) | CAUSE NO.: |

HAROLD CANADY, )
         Plaintiff, )
vs. )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY )
         Defendant. )

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Comes now Plaintiff, Harold Canady, by counsel, and for his cause of action against Defendant, State Farm Mutual Automobile Insurance Company, alleges and states the following:

1. At all times relevant herein, Plaintiff, Harold Canady, was a resident of Kokomo, Indiana, Howard County.

2. At all times relevant herein, State Farm Mutual Automobile Insurance Company ("State Farm"), has been an insurance company with its headquarters in Bloomington, Illinois.

3. At all times relevant herein, State Farm insured Plaintiff, Harold Canady, by issuance of an automobile insurance policy, Policy No. C23 2377-F11-14N. The policy included coverage for Underinsured Motorist Claims. A copy of the declaration pages for the policy are attached hereto as Exhibit A.

4. On October 9, 2019, Harold Canady was severely injured in a vehicle accident in Carroll County, Indiana. The accident was not his fault, and was caused by the negligence of Joseph A. Campbell, who failed to yield the right of way at the intersection of U.S. Highway 421 and Illinois Street in Carroll County.

5.  Joseph A. Campbell had liability insurance coverage, but only had liability limits of $25,000. Harold Canady eventually received an offer of settlement of $25,000 from Mr. Campbell's insurance company and that offer was accepted as reflected in a written document dated 7-5-22 and entitled Settlement Agreement and Release of all Claims.

6.  State Farm approved the settlement that Mr. Canady intended to make with Mr. Campbell's insurance company, as is required by Indiana law, before an Underinsured Motorist Claim can be made.

7.  Beginning in April 2022, the attorney for Mr. Canady made an Underinsured Motorist Claim upon State Farm by sending medical records and medical bills evidencing treatment for the injuries suffered by Mr. Canady in the vehicle collision. State Farm in correspondence back to the attorney confirmed that this was an Underinsured Motorist Claim.

8.  Mr. Cannady's attorney later in 2022 sent the medical records and bills again to State Farm, after State Farm said either that the material was illegible or they did not get everything from him.

9.  State Farm never made a settlement offer to Mr. Canady's attorney to settle the Underinsured Motorist Claim, although the records and bills were sent to them twice. Mr. Canady had $250,000 in Underinsured Motorist Coverage (UIM), and deducting the $25,000 already recovered meant that there was $225,000 available in remaining UIM limits for Mr. Canady in his State Farm Policy.

10. State Farm changed adjusters on Mr. Canady's claim during the 2022 time period and nobody at State Farm took any action on the Harold Canady UIM claim.

11. Mr. Canady's attorney was elected as a judge for Howard Superior Court in Indiana, effective January 1, 2023. Mr. Canady then had to hire another attorney and the undersigned began representing Mr. Canady.

12. A detailed Demand for Settlement was sent to State Farm by Mr. Canady's new attorney on April 7, 2023, once more sending all medical records and bills to State Farm. Yet another adjuster had now been assigned to the case.

13. State Farm then took the position that a policy provision as to the timing of a UIM claim had been violated, and indicated in writing that they were denying the claim.

14. Mr. Canady's attorney responded by pointing out several reasons to State Farm as to why they were in error and asked them to reconsider.

15. State Farm did reconsider, and agreed that the timing provision had not been violated. The adjuster still did not make any settlement offer. The adjuster indicated that he really had not even read the Demand for Settlement submitted on April 7, 2023, but that he would do so and make a settlement offer.

16. As of the date of this Complaint, State Farm has still not made any settlement offer to Mr. Canady. This is in spite of the fact that Mr. Canady was not at fault for the accident, suffered multiple severe injuries including neck injuries for which he needed surgery, incurred several hundred thousands of dollars of medical bills, and still has unrelenting neck pain from the injuries he suffered.

17. State Farm has breached its contract with Mr. Canady by not paying a fair amount of money to settle his Underinsured Motorist Claim under his insurance policy with State Farm.

18. State Farm has breached its duty of good faith and fair dealing by not making any settlement offer; by delaying resolution of this claim and causing Mr. Canady to have to resort to

litigation and filing this lawsuit; by unfairly attempting to deny this claim based on a false interpretation of policy provisions; and in general, by making little to no effort to fairly evaluate this claim in a timely manner and make a fair settlement offer.

19. State Farm's misconduct rises to the level of gross negligence, and willful and wanton misconduct, for its complete failure to make any attempt to settle Mr. Canady's claim, for falsely relying on a wrong interpretation of a policy provision to deny the claim, and by forcing him to resort to litigation to obtain a fair outcome.

20. As a direct and proximate result of State Farm's breach of contract, and its lack of good faith, Harold Canady has been deprived of the money owed to him by State Farm, has lost the time value of money, has suffered the emotional distress of his claim dragging on and on for an unreasonable time with no resolution, has incurred costs and fees, and will continue to suffer these damages in the future.

WHEREFORE, Plaintiff, Harold Canady, prays for judgment against State Farm in an amount which would fairly compensate him for his Underinsured Motorist Claim, for additional damages due to the lack of good faith on the part of State Farm including additional costs and fees, emotional distress, interest as allowed by law, for punitive damages in an amount sufficient to punish State Farm for its misconduct and to deter State Farm and others from similar misconduct in the future. and all other relief just and proper in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM LLC

*/s/ William E. Winingham*
William E. Winingham, #1309-49
Jonathon B. Noyes, #31444-49
2859 North Meridian Street
Indianapolis, IN 46208

                                            Tel: (317) 920-6400
                                            Fax: (317) 920-6405
                                            Email: winingham@wkw.com
                                                                    jnoyes@wkw.com
                                            *Attorneys for Plaintiff*